UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| VINCENT FRAZIER, | : CIVIL ACTION NO. 3:CV-11-0019 |
| Petitioner | : (Judge Nealon) |
| v. | : |
| MONROE COUNTY DISTRICT ATTORNEY, et al., | : |
| Respondents | : |

FILED
SCRANTON
JUN 2 0 2013
PER_____
DEPUTY CLERK

## MEMORANDUM and ORDER

Petitioner, Vincent Frazier, filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. He attacks a conviction imposed by the Court of Common Pleas for Monroe County, Pennsylvania. (Doc. 1). Although Respondents filed a response to the petition arguing that the petition should be dismissed for Petitioner's failure to exhaust state court remedies, this Court finds that the statute of limitations bars consideration of the petition. Because the district court raises, sua sponte, the statute of limitations bar, Petitioner will be granted an opportunity to argue in favor of the timeliness of his petition.

I.  **Background**

The following background has been extracted from the Pennsylvania Supreme Court's September 29, 2003 Opinion, affirming the judgment of the sentence entered in the Court of Common Pleas of Monroe County. (Doc. 17-1, Opinion dated September 29, 2003).

> During the early morning hours of May 2, 1998, Frazier entered the home of his neighbors and after awakening them, demanded money at gunpoint. When they were unable to provide any cash, Frazier ordered their fifteen year old daughter to come out of the bedroom where she was hiding with her mother and younger sister or he would, "shoot [her] fucking father." Preliminary Hearing, 5/15/98, at 11. Frazier took the victim outside, threw her over his

shoulder and carried her down the street to an abandoned house. Frazier then forced the victim at gunpoint, to remove her clothes and proceeded to rape her several times. Frazier next attempted to strangle the victim with his arm, and smother her by placing a pillow over her face. Frazier then stabbed the victim several times in the neck, chest and back and hit her over the head five or six times with a wooden plank. He then picked her up, carried her outside and dropped her in the woods outside the house. Several hours later, Frazier returned and again picked up the victim and threw her into a hole in the front porch of the house and left. After several hours, the victim managed to crawl out of the porch, and walked and crawled to a neighboring house. She was flown by helicopter to the Lehigh Valley Hospital. The victim was hospitalized for four days and treated for stab wounds to the neck and chest and back and for a fractured knuckle.

Frazier was arrested on that same date and charged with numerous crimes arising out of the above facts. A public defender was appointed to represent Frazier. After a preliminary hearing, Frazier hired private counsel. On August 24, 1999, Frazier completed and signed a written guilty plea colloquy form. Following a hearing on that same day, the trial court accepted Frazier's guilty pleas to aggravated assault, rape, robbery, and kidnapping. On October 21, 1999, Frazier was sentenced to consecutive terms of imprisonment on each of the four charges, for a total of not less than twenty-two years or more than forty-six years' imprisonment. Frazier's sentence for aggravated assault was in the standard range of the sentencing guidelines, and his sentences for rape, robbery and kidnapping were in the aggravated range. No post sentence motions or appeals were filed.

On October 23, 2002, Frazier filed a *pro se* motion for post conviction relief, claiming ineffective assistance of private counsel for failing to file an appeal as requested. On October 24, 2002, the court granted Frazier leave to file an appeal from the judgment of sentence *nunc pro tunc*. The court also ordered that the public defender again represent Frazier.

On November 4, 2002, Frazier filed a motion for reconsideration of sentence. The trial court ordered a hearing on the motion for reconsideration of sentence *nunc pro tunc* by order dated December 12, 2002. The motion was denied following a hearing on December 13, 2002. At the conclusion of the hearing, Frazier orally requested to withdraw his guilty plea. The trial court refused to rule on the request, stating that the matter was not currently before the court. On December 30, 2002, Frazier filed a notice of appeal.

Frazier raises the following issues for [the Superior Court's] consideration:

1. When, at the conclusion of a reconsideration of sentence hearing, a criminal defendant orally and personally requests the withdrawal of his guilty plea, is the matter properly before the sentencing court in that the court must, at a minimum, hear the defendant's reasons for his request and rule on the request?

2. Where a single criminal episode involves kidnapping, rape, aggravated assault, and robbery, may a sentencing court use as an aggravating factor, on three of the sentences, the fact that the defendant has committed multiple crimes, when the court simultaneously sentences the defendant to consecutive prison terms on those other crimes?

By Memorandum Opinion dated September 29, 2003, the Superior Court affirmed Frazier's judgement of sentence. Id. Petitioner then filed for allowance of appeal to the Pennsylvania Supreme Court, which was denied on May 13, 2004. (Doc. 1, Ex. 5, Order). No further appeal or collateral challenges to his conviction or sentence were filed.

On January 4, 2011, Petitioner filed the instant petition for writ of habeas corpus in which he raises various challenges to his conviction and sentence. (Doc. 1, petition). In accordance with United States v. Miller, 197 F.3d 644 (3d Cir. 1999), and Mason v. Meyers, 208 F.3d 414 (3d Cir. 2000), the Court issued formal notice to Frazier that he could either have the petition ruled on as filed, that is, as a § 2254 petition for writ of habeas corpus and heard as such, but lose his ability to file a second or successive petition, absent certification by the court of appeal, or withdraw his petition and file one all-inclusive § 2254 petition within the one-year statutory period prescribed by the Antiterrorism Effective Death Penalty Act ("AEDPA"). (Doc. 9). On April 4, 2011, Frazier returned the notice of election, indicating that he wished to proceed with his petition for writ of habeas corpus as filed. (Doc. 10). On May 25, 2011, Respondents filed a response, arguing that the petition should be dismissed. (Doc. 17).

3

**Discussion**

A state prisoner requesting habeas corpus relief pursuant to 28 U.S.C. § 2254 must adhere to a statute of limitations that provides, in relevant part, as follows:

> (d)(1) A one-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. <u>The limitation period shall run from the latest of - (A) the date on which the judgment became final by the conclusion of direct review or the expiration for seeking such review</u> ...
>
> (d)(2) The time during which a properly filed application for State post conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1)-(2) (emphasis added); see generally, Jones v. Morton, 195 F.3d. 153, 157 (3d Cir. 1999). Under the plain terms of § 2244(d)(1)(A), the period of time for filing a habeas corpus petition begins to run when <u>direct</u> review processes are concluded. See Harris v. Hutchinson, 209 F.3d 325, 327 (4th Cir. 2000) ("[T]he AEDPA provides that upon conclusion of <u>direct</u> <u>review</u> of a judgment of conviction, the one year period within which to file a federal habeas corpus petition commences, but the running of the period is suspended for the period when state post-conviction proceedings are <u>pending</u> in any state court.") (emphasis in original); Fields v. Johnson, 159 F.3d 914, 916 (5th Cir. 1998) (per curiam); Hoggro v. Boone, 150 F.3d 1223, 1226 (10th Cir. 1998). It is <u>not</u> the conclusion of state post-conviction collateral review processes that starts the running of the limitations period. See Bunnell v. Yukins, No. 00-CV-73313, 2001 WL 278259, *2 (E.D. Mich. Feb 14, 2001) ("Contrary to Petitioner's assertion, the limitations period did not begin to run anew after the completion of his post-conviction proceedings.").

As indicated above, section 2244(d)(2) operates to exclude only the time within which a

4

"properly filed application" for post conviction relief is pending in state court. Thus, when a petition or appeal has concluded and is no longer pending, the one (1) year statute of limitations starts to run and the time is counted. A "properly filed application" for post conviction relief under § 2244(d)(2) is one submitted according to the state's procedural requirements, such as rules governing time and place of filing. Lovasz v. Vaughn, 134 F.3d 146, 148 (3d Cir. 1998). The Third Circuit Court of Appeals has defined "pending" as the time during which a petitioner may seek discretionary state court review, whether or not such review is sought. Swartz v. Meyers, 204 F.3d 417 (3d Cir. 2000). "Pending," however, does not include the period during which a state prisoner may file a petition for writ of certiorari in the United States Supreme Court from the denial of his state post-conviction petition. Stokes v. District Attorney of the County of Philadelphia, No. 99-1493, 2001 WL 387516, *2 (3d Cir. April 17, 2001). Likewise, the statute of limitations is not tolled under § 2244(d)(2) for the time during which a habeas petition is pending in federal court. Jones, 195 F.3d at 158.

The Pennsylvania Supreme Court denied Frazier's petition for allowance of appeal on May 13, 2004. On August 11, 2004, ninety days after the Pennsylvania Supreme Court denied his petition for allowance of appeal, Frazier's conviction became final. See Morris v. Horn, 187 F.3d 333, 337 n.1 (3d Cir.1999) ( "After ninety days, the Pennsylvania Supreme Court's decision became final because the time for seeking certiorari expired."). Petitioner made no further collateral challenge to his conviction and sentence. Thus, the limitations period for filing a § 2254 petition began on August 11, 2004, and Frazier had until August 11, 2005, to file a timely habeas corpus petition. The instant petition was not filed until January 4, 2011, more than five years after the limitations period expired. Thus, the petition for habeas corpus relief appears to be

barred by the statute of limitations.

The United State Court of Appeals for the Third Circuit has held that a district court has the authority in 2254 proceedings to raise the statute of limitations sua sponte after a respondent has filed an answer as long as the petitioner is given notice of the court's intent to deny the petition on limitations grounds and an opportunity to respond to the court's analysis. See United States v. Bendolph, 409 F.3d 155 (3d Cir. 2005) (en banc). It is also relevant if the petitioner has suffered any prejudice from the court's raising of the issue. Id. Thus, Petitioner will be given an opportunity to show why his petition should not be dismissed as untimely. An appropriate order is attached.

Dated: June 20, 2013

**United States District Judge**