# UNITED STATES DISTRICT COURT FOR THE
# MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| VINCENT FRAZIER, | : | CIVIL ACTION NO. 3:CV-11-0019 |
| Petitioner | : | (Judge Nealon) |
| v. | : | |
| MONROE COUNTY DISTRICT ATTORNEY, et al., | : | |
| Respondents | : | |

**FILED SCRANTON NOV 2 2 2013 PER _____ DEPUTY CLERK**

## MEMORANDUM

Petitioner, Vincent Frazier, filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. He attacks a conviction imposed by the Court of Common Pleas for Monroe County, Pennsylvania. (Doc. 1). Following careful consideration of the parties' submissions, and for the reasons discussed below, the petition will be dismissed as untimely pursuant to 28 U.S.C. § 2244(d).

I.  **Background**

The following background has been extracted from the Pennsylvania Supreme Court's September 29, 2003 Opinion, affirming the judgment of the sentence entered in the Court of Common Pleas of Monroe County. (Doc. 17-1, Opinion dated September 29, 2003).

> During the early morning hours of May 2, 1998, Frazier entered the home of his neighbors and after awakening them, demanded money at gunpoint. When they were unable to provide any cash, Frazier ordered their fifteen year old daughter to come out of the bedroom where she was hiding with her mother and younger sister or he would, "shoot [her]

fucking father." Preliminary Hearing, 5/15/98, at 11. Frazier took the victim outside, threw her over his shoulder and carried her down the street to an abandoned house. Frazier then forced the victim at gunpoint, to remove her clothes and proceeded to rape her several times. Frazier next attempted to strangle the victim with his arm, and smother her by placing a pillow over her face. Frazier then stabbed the victim several times in the neck, chest and back and hit her over the head five or six times with a wooden plank. He then picked her up, carried her outside and dropped her in the woods outside the house. Several hours later, Frazier returned and again picked up the victim and threw her into a hole in the front porch of the house and left. After several hours, the victim managed to crawl out of the porch, and walked and crawled to a neighboring house. She was flown by helicopter to the Lehigh Valley Hospital. The victim was hospitalized for four days and treated for stab wounds to the neck and chest and back and for a fractured knuckle.

Frazier was arrested on that same date and charged with numerous crimes arising out of the above facts. A public defender was appointed to represent Frazier. After a preliminary hearing, Frazier hired private counsel. On August 24, 1999, Frazier completed and signed a written guilty plea colloquy form. Following a hearing on that same day, the trial court accepted Frazier's guilty pleas to aggravated assault, rape, robbery, and kidnapping. On October 21, 1999, Frazier was sentenced to consecutive terms of imprisonment on each of the four charges, for a total of not less than twenty-two years or more than forty-six years' imprisonment. Frazier's sentence for aggravated assault was in the standard range of the sentencing guidelines, and his sentences for rape, robbery and kidnapping were in the aggravated range. No post sentence motions or appeals were filed.

On October 23, 2002, Frazier filed a *pro se* motion for post conviction relief, claiming ineffective assistance of private counsel for failing to file an appeal as requested. On October 24, 2002, the court granted Frazier leave to file an appeal from the judgment of sentence *nunc pro tunc*. The court also ordered that the public defender again represent Frazier.

On November 4, 2002, Frazier filed a motion for reconsideration of sentence. The trial court ordered a hearing on the motion for reconsideration of sentence *nunc pro tunc* by order dated December 12, 2002. The motion was denied following a hearing on December 13, 2002. At the conclusion of the hearing, Frazier orally requested to withdraw his guilty plea. The trial court refused to rule on the request,

stating that the matter was not currently before the court. On December 30, 2002, Frazier filed a notice of appeal.

Frazier raises the following issues for [the Superior Court's] consideration:

1. When, at the conclusion of a reconsideration of sentence hearing, a criminal defendant orally and personally requests the withdrawal of his guilty plea, is the matter properly before the sentencing court in that the court must, at a minimum, hear the defendant's reasons for his request and rule on the request?

2. Where a single criminal episode involves kidnapping, rape, aggravated assault, and robbery, may a sentencing court use as an aggravating factor, on three of the sentences, the fact that the defendant has committed multiple crimes, when the court simultaneously sentences the defendant to consecutive prison terms on those other crimes?

By Memorandum Opinion dated September 29, 2003, the Superior Court affirmed Frazier's judgement of sentence. Id. Petitioner then filed for allowance of appeal to the Pennsylvania Supreme Court, which was denied on May 13, 2004. (Doc. 1, Ex. 5, Order). No further appeal or collateral challenges to his conviction or sentence were filed.

On November 16, 2010, Frazier filed the instant petition for writ of habeas corpus in the United States District Court for the Eastern District of Pennsylvania. (Doc. 1, petition). By Order dated January 4, 2011, the case was transferred to the Middle District of Pennsylvania, where it was received and filed on January 4, 2011. (Docs. 4, 5).

Frazier asserts various challenges to his conviction and sentence. (Doc. 1, petition). Specifically, Frazier raises the following four grounds for relief: (1) "Judge Ronald E. Vican erred for not withdrawing my guilty plea after I orally requested to do

so;" (2) due process violated at sentencing where "prosecution David Leeth stated defendant used a firearm, whereas no firearm was recovered or admitted into evidence;" (3) "conflict of interest where counsel represented defendant on appeal as well as beginning stage of defense;" (4) actual innocence based on "exculpatory scientific evidence as well as probable evidence tampering." Id.

In accordance with United States v. Miller, 197 F.3d 644 (3d Cir. 1999), and Mason v. Meyers, 208 F.3d 414 (3d Cir. 2000), the Court issued formal notice to Frazier that he could either have the petition ruled on as filed, that is, as a § 2254 petition for writ of habeas corpus and heard as such, but lose his ability to file a second or successive petition, absent certification by the court of appeals, or withdraw his petition and file one all-inclusive § 2254 petition within the one-year statutory period prescribed by the Antiterrorism Effective Death Penalty Act ("AEDPA"). (Doc. 9).

On April 4, 2011, Frazier returned the notice of election, indicating that he wished to proceed with his petition for writ of habeas corpus as filed. (Doc. 10).

On May 25, 2011, a response to the petition for writ of habeas corpus was filed. (Doc. 17). A traverse was filed on June 3, 2011. (Doc. 19).

Although Respondents filed a response to the petition arguing that the petition should be dismissed for Petitioner's failure to exhaust state court remedies, this Court found that the statute of limitations bars consideration of the petition. See (Doc. 23). Thus, because the district court raised, sua sponte, the statute of limitations bar, Petitioner was granted an opportunity to argue in favor of the timeliness of his petition. Id. On July

18, 2013, Petitioner filed a "motion for cause why the habeas corpus petition should be granted". (Doc. 25). On August 2, 2013, Respondents filed a reply to Petitioner's motion for cause, arguing that the petition should be dismissed as untimely. (Doc. 26).

II.     **Discussion**

   A.     **Petition is Statutorily Time-Barred.**

A state prisoner requesting habeas corpus relief pursuant to 28 U.S.C. § 2254 must adhere to a statute of limitations that provides, in relevant part, as follows:

> (d)(1) A one-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. <u>The limitation period shall run from the latest of - (A) the date on which the judgment became final by the conclusion of direct review or the expiration for seeking such review</u> ...
>
> (d)(2) The time during which a properly filed application for State post conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1)-(2) (emphasis added); see generally, Jones v. Morton, 195 F.3d. 153, 157 (3d Cir. 1999). Under the plain terms of § 2244(d)(1)(A), the period of time for filing a habeas corpus petition begins to run when <u>direct</u> review processes are concluded. See Harris v. Hutchinson, 209 F.3d 325, 327 (4th Cir. 2000) ("[T]he AEDPA provides that upon conclusion of <u>direct</u> <u>review</u> of a judgment of conviction, the one year period within which to file a federal habeas corpus petition commences, but the running of the period is suspended for the period when state post-conviction proceedings are <u>pending</u> in any state court.") (emphasis in original); Fields v. Johnson, 159 F.3d 914, 916 (5ht Cir. 1998) (per

curiam); Hoggro v. Boone, 150 F.3d 1223, 1226 (10th Cir. 1998). It is not the conclusion of state post-conviction collateral review processes that starts the running of the limitations period. See Bunnell v. Yukins, 2001 WL 278259, *2 (E.D. Mich. 2001) ("Contrary to Petitioner's assertion, the limitations period did not begin to run anew after the completion of his post-conviction proceedings.").

As indicated above, section 2244(d)(2) operates to exclude only the time within which a "properly filed application" for post conviction relief is pending in state court. Thus, when a petition or appeal has concluded and is no longer pending, the one (1) year statute of limitations starts to run and the time is counted. A "properly filed application" for post conviction relief under § 2244(d)(2) is one submitted according to the state's procedural requirements, such as rules governing time and place of filing. Lovasz v. Vaughn, 134 F.3d 146, 148 (3d Cir. 1998). The Third Circuit Court of Appeals has defined "pending" as the time during which a petitioner may seek discretionary state court review, whether or not such review is sought. Swartz v. Meyers, 204 F.3d 417 (3d Cir. 2000). "Pending," however, does not include the period during which a state prisoner may file a petition for writ of certiorari in the United States Supreme Court from the denial of his state post-conviction petition. Stokes v. District Attorney of the County of Philadelphia, 2001 WL 387516, *2 (3d Cir. 2001). Likewise, the statute of limitations is not tolled under § 2244(d)(2) for the time during which a habeas petition is pending in federal court. Jones, 195 F.3d at 158.

On May 13, 2004, the Pennsylvania Supreme Court denied Frazier's petition for allowance of appeal and, because he did not file a petition for certiorari in the United States Supreme Court, his judgment became final at the expiration of the ninety-day period to file the petition for certiorari. See Morris vs. Horn, 187 F.3d 333, 337 and n.1 (3d Cir. 1999). Accordingly, his judgment of sentence was final on or about August 11, 2004. As no further collateral challenges to either conviction or sentence were filed, the clock for filing a federal habeas petition began running on August 11, 2004. Frazier then had until August 11, 2005, to file a timely habeas corpus petition. The instant petition was not filed until November 16, 2010, more than five (5) years after the limitations period expired. Consequently, the petition for habeas corpus relief is barred by the statute of limitations.

### B. Statutory or Equitable Tolling

Because the AEDPA's one-year statute of limitations is subject to both statutory and equitable tolling, the Court must examine whether the instant petition may be considered timely filed under either concept. See 28 U.S.C. § 2244(d) (enumerating statutory tolling provisions); Merritt v. Blaine, 326 F.3d 157, 161 (3d Cir.), cert. denied, 540 U.S. 921 (2003) (holding that AEDPA's time limit is subject to the doctrine of equitable tolling, a judicially crafted exception).

### 1. Statutory Tolling

Petitioner is not entitled to a new, extended deadline for the AEDPA's limitation period pursuant to 28 U.S.C. § 2244(d)(1). First, Petitioner does not allege nor is there

7

evidence to demonstrate that state action prevented the timely filing of his habeas action. 28 U.S.C. § 2244(d)(1)(B). Second, the claims alleged in the petition do not rely on a new rule of federal constitutional law of retroactive application. 28 U.S.C. § 2244(d)(1)(C). Finally, Petitioner has not made a showing that the factual predicate of his claims was not discoverable through the exercise of due diligence long ago. 28 U.S.C. § 2244(d)(1)(D).

Although Petitioner raises an actual innocence claim based on "exculpatory scientific evidence as well as probable evidence tampering", such a claim is not based on any evidence that was not known to Petitioner at the time of his guilty. As Respondents point out, this evidence was part of the original discovery forwarded to the defense prior to the entry of Frazier's plea. See (Doc. 17, p. 3 n.1). Therefore, Petitioner's actual innocence claim and the factual predicate for the other claims raised in his petition were clearly available to Frazier long ago.

Finally, to the extent that the limitations period will be statutorily tolled for the time during which a "properly filed" application for state post-conviction or other collateral review is pending, see 28 U.S.C. § 2244(d)(2), Frazier never availed himself of any collateral review. Thus, the Court finds no basis for statutory tolling.

2. **Equitable Tolling**

The limitation period may be tolled when the principles of equity would make the rigid application of a limitation period unfair. Holland v. Florida, 560 U.S. 631, 130 S.Ct. 2549, 2560 (2010) ("Now, like all 11 Courts of Appeals that have considered the question,

8

we hold that § 2254(d) is subject to equitable tolling in appropriate cases."); Satterfield v. Johnson, 434 F.3d 185, 195 (3d Cir. 2006); Jones v. Morton, 195 F.3d 153, 159 (3d Cir. 1999).

To be entitled to equitable tolling, a petitioner must show " '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Holland, 130 S.Ct. at 2562 (quoting Pace, 544 U.S. at 418); Lawrence v. Florida, 549 U.S. 327, (2007) (quoting id.). Courts must be sparing in their use of equitable tolling. Seitzinger v. Reading Hosp. & Med. Ctr., 165 F.3d 236, 239 (3d Cir. 1999). The Third Circuit Court of Appeals has identified three circumstances in which equitable tolling is warranted: the respondent "actively misled" the petitioner; the petitioner was in some extraordinary manner prevented from asserting his rights; or, the petitioner mistakenly, but timely, asserted his rights in an incorrect forum. Fahy v. Horn, 240 F.3d 239, 244 (3d Cir. 2001) (citing Jones v. Morton, 195 F.3d 153, 159 (3d Cir. 1999)).

The United States Court of Appeals for the Third Circuit has held that equitable tolling is proper "only in the rare situation where [it] is demanded by sound legal principles as well as the interests of justice." United States v. Midgley, 142 F.3d 174, 179 (3d Cir. 1998). There are no bright lines in determining whether equitable tolling is warranted in a given case. Holland at 2563. Rather, the particular circumstances of each petitioner must be taken into account. Id. As Holland explains, while prior decisions

9

provide guidance, rigid reliance on precedent should be avoided. Id. In each case, there is a need for "flexibility," "avoiding 'mechanical rules,'" and "awareness ... that specific circumstances, often hard to predict in advance, could warrant special treatment in an appropriate case." Id. (internal citation omitted).

However, mere excusable neglect is not sufficient for a petitioner to be entitled to equitable tolling, where he must show he exercised reasonable diligence in investigating and bringing his claims. See Miller v. New Jersey State Department of Corrections, 145 F.3d 616, 618–619 (3d Cir.1998); Brown v. Shannon, 322 F.3d 768, 773 (3d Cir.2003)).

"[E]ven in situations in which equitable tolling initially applies, a party must file suit within a reasonable period of time after realizing that such a suit has become necessary." Walker v. Frank, 56 Fed. Appx. 577, 582 (3d Cir. 2003). "A grant of equitable tolling, unlike statutory tolling, does not shift the deadline so that each day of tolling results in a one day postponement of the deadline." Ragan v. Horn, 598 F. Supp. 2d 677, 680, 685–86 (E.D. Pa. 2009) (citing Phillips v. Heine, 984 F.2d 489, 492 (D.C. Cir. 1993)). Once the extraordinary circumstances justifying equitable tolling have ended, the petitioner must file as soon as reasonably possible. Id.

Petitioner does not allege that he has been actively misled by Respondents, and the record reflects no basis for the argument. See (Doc. 26). Furthermore, it does not appear that Petitioner's rights were prevented in an extraordinary manner and Petitioner has never asserted his rights in the wrong forum; thus, there is no basis for equitable tolling. Id.

Petitioner does not identify any other possible basis for equitable tolling. None of the circumstances which warrant equitable tolling apply in this case to render the instant petition timely because Petitioner did not act promptly to preserve his rights in this Court. See Fahy, 240 F.3d at 244. He has failed to allege that some extraordinary circumstance prevented him from asserting his rights in a timely habeas corpus petition and has failed to demonstrate that he exercised reasonable diligence in investigating and bringing his claims. See Merritt, 326 F.3d at 168.

In determining whether extraordinary circumstances exist to warrant the application of equitable tolling, this Court must also examine Petitioner's due diligence in pursuing the matter under the specific circumstances he faced. Traub v. Folio, 2004 WL 2252115, *2 (E.D. Pa. 2004) (citing Schleuter v. Varner, 384 F.3d 69 (3d Cir. 2004)) (affirming dismissal of the habeas petition as time barred and not entitled to equitable tolling because lengthy periods of time had elapsed following the petitioner's conviction before he sought relief). It is Petitioner's burden to show that he acted with reasonable diligence and that extraordinary circumstances caused his petition to be untimely. Id. Under the circumstances of this case, Frazier fails to allege any steps that he took to timely file the instant federal habeas petition and was somehow prevented from timely filing. As such, Petitioner did not act in a reasonably diligent fashion and the petition is time-barred.

### III.  Certificate of Appealability.

When a district court denies a habeas petition on procedural grounds without

reaching the underlying constitutional claims, a certificate of appealability should issue only if: (1) the petition states a valid claim for the denial of a constitutional right, and (2) reasonable jurists would find it debatable whether the district court was correct in its procedural ruling. Slack v. McDaniel, 529 U.S. 473, 484 (2000). In this case, reasonable jurists could not disagree that the instant petition is time-barred. It is statutorily barred, and neither statutory nor equitable tolling apply to the petition.

## IV. Conclusion

In light of the foregoing, the petition will be dismissed as untimely. An appropriate order will follow.

Dated: November 22, 2013

_____
**United States District Judge**